Dear Mr. McGinity:
Your opinion request of recent date asks for our office's interpretation of Act 1275 (1995), which amends and reenacts LSA-R.S. 4:81.1. LSA-R.S. 4:81.1 mandates:
 A. For the purposes of this Chapter, "tough-man contest" shall mean any boxing match, wrestling event, or competition, or combination thereof, between two or more persons, whether professional or amateur, who use their hands, with or without gloves, or their feet, or both, in any manner unauthorized by the State Boxing and Wrestling Commission, and compete for money, financial prize, or any item of pecuniary or nonpecuniary value or compete at an event where a fee is charged whereby either participant may obtain pecuniary gain. The term "tough-man contest" shall not include, nor shall the provisions of this Section apply to any contest, competition, or exhibition of any of the recognized martial arts including karate, judo, kung fu, tae kwan do, jujitsu, kickboxing, or any substantially similar tradition.
 B. No person shall conduct, promote, or in any manner participate in any tough-man contest or exhibition. Any person violating this Section as a participant, promoter, judge, or referee shall be subject to criminal charges and penalties as provided in R.S. 14:102.11.
Specifically, you ask whether the word "unauthorized" as used in this statute allows the Louisiana State Boxing and Wrestling Commission ("the Commission") to authorize or prohibit any match described in this statute. You also ask whether this would allow the Commission to authorize a match which would technically be called a "tough-man contest."
Subsection (A) of LSA-R.S. 4:81.1 defines "tough-man contests" as:
1. Boxing
2. Wrestling
3. Combination boxing and wrestling, whether
4. a) professional OR
b) amateur
5. Who use their hands or feet in any mannerunauthorized by the Commission
AND
6. the competition is for money or for a prize.
In interpreting the use of the word "unauthorized" in LSA-R.S. 4:81.1 (A), we direct you to La. C.C. Articles 10, 11
and 12 which read as follows:
La. C.C. Article 10:
 When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.
La. C.C. Article 11:
 The words of law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter.
La. C.C. Article 12:
 When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.
In our opinion, the meaning of the word "unauthorized" is vague as used in Subsection (A) of LSA-R.S. 4:81.1. Therefore, with the guidance of the above referenced Civil Code articles, we look to the purpose and context of the statute as a whole.
Subsection (B) of LSA-R.S. 4:81.1 clearly forbids any activity related to a "tough-man contest or exhibition." If we were to read Subsection (A) to allow the Commission to authorize what would otherwise be considered a "tough-man contest", we would be ignoring the clear prohibition of Subsection (B). When a proposed construction of a statutory provision renders one or more of its provisions nugatory or without effect, such proposal must be rejected. Livingston Downs Racing Association, Inc.v. State through Edwin W. Edwards, 653 So.2d 1311 (La.App. 1 Cir. 1995).
Therefore, we read Subsection (B) together with Subsection (A) to mean that a "tough-man contest" includes any event or competition not traditionally recognized as a boxing match or wrestling event. If an event falls within the ambit of what a traditional event or competition may be, it must still receive authorization by the Commission to be properly sanctioned. LSA-R.S. 4:83. We believe this conclusion conforms with the spirit of law.
For example, if someone sought to promote a bare knuckle, prize fight to the finish, in a saw dust ring, with no rounds or rules, we believe this would be generally understood to be a tough man contest and one that the legislature has prohibited in R.S. 4:81.1(B). The Boxing Commission could not authorize such a contest and escape the prohibition of Subsection (B). Common sense and the good judgment of the Commission members will correct the vagueness of LSA-R.S. 4:81.1(A).
I trust this adequately addresses your concerns. Please contact this office should you require further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI/CMF/pb
a:opins96/96-264.op
Date Received: Date Released:
Carlos M. Finalet, III Assistant Attorney General